IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rickey Dean Tate, #261418, | ) CIVIL ACTION NO. 9:13-0810-TLW-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Warden Larry Cartledge and Director Robert Ward, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 10, 2013. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 11, 2013, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion could be granted, thereby ending his case. Plaintiff thereafter responded to the motion for summary judgment by filing a response styled "Motion for Temporary Restraining Order", with attached exhibits.[1] Plaintiff also submitted a separate letter to the Court on July 30, 2013.

This matter is now before the Court for disposition.[2]

---

[1] Plaintiff has also asked for a temporary restraining order as part of the filing of his Complaint.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



**Background and Evidence**[3]

Plaintiff alleges in his verified Complaint[4] that in December 2011 he was transferred from the McCormick Correctional Institution (MCI) to "lockup" at the Broad River Correctional Institution (BRCI) pending an investigation for alleged improper conduct. Plaintiff alleges that the Warden at MCI, Leroy Cartledge, is the "key defendant" in a wrongful death lawsuit for inmate Ricky Lynn Cooper, in which Plaintiff is somehow involved. Plaintiff alleges that the Assistant Warden over lockup at the Broad River Correctional Institution was Larry Cartledge, brother of Leroy Cartledge. Plaintiff alleges that Larry Cartledge told him that if he would drop his "statement", Plaintiff would be allowed to come to BRCI, but that Plaintiff told him he did not want to be at BRCI, he wanted to be at the Ridgeland Correctional Institution (RCI). Plaintiff alleges that Larry Cartledge told him he could not get him moved to Ridgeland, so he [Plaintiff] said "no deal".

Plaintiff alleges that Larry Cartledge then put him in a room with a camera in it for forty (40) days, but that after Plaintiff had complaints filed on his behalf, the Director of the Department of Corrections had him moved from BRCI to the protective custody unit at the Kershaw Correctional Institution (KCI). Plaintiff now complains, however, that protective custody was moved

---

[2](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The background and evidence for this case is discussed hereinabove, infra, only insofar as is necessary for a resolution of Defendants' motion for summary judgment.

[4]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

2



to the Pelzer Correctional Institution (where Plaintiff is currently housed), where Larry Cartledge is now the Warden. Plaintiff alleges that since he has been at PCI Larry Cartledge has again asked him to change his "statement", and that he is in danger and still wants to be transferred to the Ridgeland Correctional Institution. In a separate part of his Complaint, Plaintiff alleges that he filed a grievance concerning his claims in September (no year is given, although Plaintiff indicates it was while he was still at KCI),[5] but that he never received a response. See generally, Verified Complaint.

The Defendants have not submitted any evidence for the Court's consideration, but Plaintiff has submitted a copy of a Step 1 Grievance he filed at PCI as an attachment to his response to summary judgment. See Exhibit (Grievance No. PCI-955-13). However, this grievance is dated May 16, 2013 (well after this lawsuit was filed), received at the Grievance Branch on April 17, 2013. Plaintiff has also submitted a copy of a Step 1 Grievance form dated January 23, 2012, which is a KCI grievance (Grievance No. KCI-87-12). This could possibly be the grievance to which Plaintiff refers in his Complaint, although it has nothing to do with Plaintiff being under the supervision of Larry Cartledge or with any transfer to PCI. See Plaintiff's Exhibits.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991).

---

[5]An exhibit provided by the Plaintiff as an attachment to his response to the motion for summary judgment (attorney letter dated February 1, 2012) seems to indicate that, if Plaintiff filed a grievance in "September" while at KCI, it would have been September 2012. See letter of John O'Leary dated February 1, 2012 (Court Docket No. 19-1, p. 10).

3



Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exist. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants argue in their motion for summary judgment that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the SCDC's administrative remedies.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674,



4

683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007).  As noted, the Defendants have not themselves submitted any evidence to establish this affirmative defense, instead relying on the verified allegations of Plaintiff's Complaint as well as the other evidence in the record. Defendants specifically refer to Plaintiff's admission in his Verified Complaint that he filed a grievance with respect to this matter, but had failed to receive a final agency/departmental/institutional answer or determination concerning this matter prior to filing this lawsuit.  Verified Complaint, Section II.  See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)[Prisoner may not file a lawsuit before exhausting his administrative remedies]; see also Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other - to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)).

   As further argument in support of their motion, Defendants note that, in his prayer for relief, Plaintiff indicates that he filed a grievance concerning his transfer to PCI after he was transferred to PCI, but "got no response".  Defense counsel represents as officers of the Court that Plaintiff was transferred to PCI on October 31, 2012, and filed the grievance referenced hereinabove on January 9, 2013.  Defendants further note that, since Plaintiff's Complaint is dated March 17, 2013, Plaintiff failed to wait the requisite period of time with respect to this grievance in order to exhaust his administrative remedies before filing this lawsuit.  See Graham v. Perez, 121 F.Supp.2d



317, 322 (S.D.N.Y. 2000)[Where prisoner files a grievance but fails to afford prison officials adequate time to respond before filing his Complaint, Prisoner has failed to exhaust available administrative remedies]; see also Jones v. Kay, No. 07-3480, 2007 WL 4292416, at * 5 (D.S.C. Dec. 5, 2007)["An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court"].  Although no documentary evidence has been presented to support defense counsel's representation about this grievance, Plaintiff (in his response to summary judgment) confirms that he "filed a grievance in Jan and still haven't gotten a response back yet".  Plaintiff's Response in Opposition, p. 3.  Therefore, to this extent, the undersigned finds that the Defendants have satisfied their burden of showing that Plaintiff failed to exhaust his administrative remedies with respect to any grievance he filed in January 2013.  See also Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

However, neither Plaintiff nor the Defendants address the subject matter of Plaintiff's purported grievance filing in September 2012, the grievance referenced by Plaintiff in Section II of his Complaint, and to which Plaintiff states he "never got response".  As no further information has been provided as to the subject matter of this grievance, its status, or indeed whether any such grievance was ever even filed, the undersigned cannot find that the Defendants have met their burden of showing that Plaintiff failed to exhaust his administrative remedies, as Plaintiff has alleged that he filed a grievance relating to this matter in September 2012 and only thereafter filed this lawsuit in March 2013 after never having received a response to this grievance.  Anderson, 407 F.3d at 683 [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; see also Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.



2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable]. Defendants have therefore failure to establish entitlement to summary judgment on the ground of failure to exhaust at this time.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies be **denied** at this time, without prejudice.[6]

The parties are referred to the Notice Page attached hereto.

August 12, 2013                              Bristow Marchant
Charleston, South Carolina              United States Magistrate Judge

---

[6]Plaintiff's separate requests for a restraining order requiring the Defendants to transfer him to the Ridgeland Correction Institution should be **denied**, as there is no constitutional right for a prisoner to be housed at a particular institution, and Plaintiff has failed to present evidence sufficient to show that his continued housing at the Pelzer Correctional Institution has placed his life in danger. See Meachum v. Fano, 427 U.S. 215, 225 (1976)[The Constitution's due process clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system."]; McKune v. Lyle, 536 U.S. 24, 26 (2002)[Noting that the "decision where to house inmates is at the core of prison administrators' expertise"]; Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; see also The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), [Preliminary injunction is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief], cert. granted, judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Com'n, 130 S.Ct. 2371 (2010).



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District C777yy7yourt Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

