IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Rickey Dean Tate a/k/a<br>Ricky Dean Tate,<br><br>    Plaintiff,<br><br>vs.<br><br>Warden Larry Cartledge; and<br>Director Robert Ward,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 9:l3-cv-00810-TLW-BM<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Plaintiff, Rickey Dean Tate a/k/a Ricky Dean Tate ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on March 26, 2013, alleging violations of his constitutional rights by the Defendants, Warden Larry Cartledge ("Defendant Larry Cartledge") and Director Robert Ward ("Defendant Robert Ward"), (collectively "Defendants"). (Doc. #1).

Plaintiff is a state inmate with the South Carolina Department of Corrections ("SCDC"). In his verified Complaint, Plaintiff alleges that in December of 2011 he was transferred from the McCormick Correctional Institution ("MCI") to "lockup" at the Broad River Correctional Institution ("BRCI") pending an investigation for alleged improper conduct. (Doc. #1 at 3). Plaintiff alleges in his Complaint that the Warden at MCI, Leroy Cartledge, is allegedly the "key Defendant" in a wrongful death lawsuit involving a deceased inmate, Ricky Lynn Cooper. (Doc. #1 at 3). The Complaint further alleges that Plaintiff is also somehow involved in the wrongful death lawsuit as a witness. (Doc. #1 at 3). Plaintiff alleges that the Assistant Warden over lockup at BRCI was Defendant Larry Cartledge, the brother of Leroy Cartledge, the alleged

Warden at MCI.  (Doc. #1).  The Complaint further states that Defendant Larry Cartledge told Plaintiff that if Plaintiff would "drop [his] statement, he would let [Plaintiff] come to BRCI"; however, Plaintiff allegedly told Defendant Larry Cartledge he did not want to go to BRCI but instead wanted to go to Ridgeland Correctional Institution ("RCI").  (Doc. #1 at 3).  Plaintiff's Complaint further alleges that Defendant Larry Cartledge then told Plaintiff he could not get Plaintiff moved to RCI, so Plaintiff told Defendant Larry Cartledge "no deal."  (Doc. #1 at 3).

In his Complaint, Plaintiff states that following this discussion, Defendant Larry Cartledge put Plaintiff in a room with a camera in it for forty (40) days.  (Doc. #1 at 3–4). Plaintiff alleges that after Plaintiff had complaints filed on his behalf, the Director of the Department of Corrections moved Plaintiff from BRCI to the protective custody unit at the Kershaw Correctional Institution ("KCI").  (Doc. #1 at 4).  Plaintiff alleges, however, that protective custody was subsequently moved to the Pelzer Correctional Institution ("PCI"), where Plaintiff is presently housed, and where Defendant Larry Cartledge is now allegedly the Warden. (Doc. #1).  Plaintiff's Complaint further alleges that since the Plaintiff arrived at PCI, Defendant Larry Cartledge has again asked Plaintiff to change or drop his "statement," that Plaintiff is in danger, and that Plaintiff still wishes to be transferred to RCI.  (Doc. #1).  Further, Plaintiff's Complaint states that Plaintiff filed a grievance concerning his claims in September,[1] but that he never received a response.  (Doc. #1 at 7).

On June 10, 2013, the Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Doc. #16).  The Defendants argue in the motion that the above-captioned case should be dismissed in its entirety due to the Plaintiff's failure to exhaust

---

[1] The Complaint does not allege the year the grievance was allegedly filed by the Plaintiff.  However, an exhibit provided by the Plaintiff as an attachment to his response to Defendants' motion for summary judgment (an attorney letter dated February 1, 2012) seems to indicate that, if the Plaintiff filed a grievance in September while at KCI, it would have been in September of 2012.  (See Letter of John O'Leary dated Feb. 1, 2012, Doc. #19-1 at 10).

2

his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") prior to initiating this lawsuit. (Doc. #16). Pursuant to the PLRA, 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under Section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Defendants did not submit any evidence for the Court's consideration with the motion for summary judgment. Plaintiff responded to Defendants' motion on June 26, 2013 with a response styled "Motion for Temporary Restraining Order," along with attached exhibits. (Doc. #19). Plaintiff also filed an additional letter with attached exhibits on July 30, 2013. (Doc. #20).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on August 12, 2013 by United States Magistrate Judge Bristow Marchant, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). (Doc. #23). In the Report, the Magistrate Judge recommends that the Defendants' motion for summary judgment be denied, without prejudice, at this stage of the proceeding because Defendants failed to establish entitlement to summary judgment on the ground of failure to exhaust. (See Doc. #23).

The Defendants did not respond to the Magistrate Judge's Report recommending denial of Defendants' motion for summary judgment. The Plaintiff filed objections to the denial of his motion for a Temporary Restraining Order on September 16, 2013. (Doc. #28). Additionally, Plaintiff filed three letters with the Court, with attached exhibits, on October 8, 2013, October 16, 2013, and November 4, 2013. (Docs. #30; 31; 32).

This Court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has carefully reviewed, <u>de novo</u>, the Report and Recommendation and all of the relevant filings in this matter. After careful consideration, **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #23) be, and hereby is, **ACCEPTED.**

Accordingly, for the reasons articulated by the Magistrate Judge, **IT IS ORDERED** that the Defendants' Motion for Summary Judgment (Doc. #16) be, and hereby is, **DENIED** without prejudice. For the reasons articulated by the Magistrate Judge, **IT IS FURTHER ORDERED** that any separate request by the Plaintiff for a restraining order be, and hereby is, **DENIED.**

**IT IS SO ORDERED.**

s/ Terry L. Wooten<br>
Terry L. Wooten<br>
Chief United States District Judge

December 2, 2013
Columbia, South Carolina