IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rickey Dean Tate, #261418,   )   | CIVIL ACTION NO. 9:13-0810-TLW-BM |
| Plaintiff,   ) | |
| v.   ) | **REPORT AND RECOMMENDATION** |
| Warden Larry Cartledge and<br>Director Robert Ward,   ) | |
| Defendants.   ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 7, 2014. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 10, 2014, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion could be granted, thereby ending his case. Plaintiff thereafter filed a response to the motion for summary judgment on April 16, 2014, a second response on April 18, 2014, a letter on June 25, 2014, and a "supplement" on July 7, 2014.

This matter is now before the Court for disposition.[1]



---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local
(continued...)

**Background and Evidence**[2]

Plaintiff alleges in his verified Complaint[3] that in December 2011 he was transferred from the McCormick Correctional Institution (MCI) to "lockup" at the Broad River Correctional Institution (BRCI) pending an investigation for alleged improper conduct. Plaintiff alleges that the Warden at MCI, Leroy Cartledge, is the "key defendant" in a wrongful death lawsuit for inmate Ricky Lynn Cooper, in which Plaintiff is somehow involved. Plaintiff alleges that the Assistant Warden over lockup at the Broad River Correctional Institution was Larry Cartledge, brother of Leroy Cartledge. Plaintiff alleges that Larry Cartledge told him that if he would drop his "statement", Plaintiff would be allowed to come to BRCI, but that Plaintiff told him he did not want to be at BRCI, he wanted to be at the Ridgeland Correctional Institution (RCI). Plaintiff alleges that Larry Cartledge told him he could not get him moved to Ridgeland, so he [Plaintiff] said "no deal".

Plaintiff alleges that Larry Cartledge then put him in a room with a camera in it for forty (40) days, but that after Plaintiff had complaints filed on his behalf, the Director of the Department of Corrections had him moved from BRCI to the protective custody unit at the Kershaw Correctional Institution (KCI). Plaintiff now complains, however, that protective custody was moved to the Pelzer Correctional Institution (where Plaintiff is currently housed), where Larry Cartledge is

---

[1](...continued)
Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]The background and evidence for this case is discussed hereinabove, infra, only insofar as is necessary for a resolution of Defendants' motion for summary judgment.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



now the Warden. Plaintiff alleges that since he has been at PCI Larry Cartledge has again asked him to change his "statement", and that he is in danger and still wants to be transferred to the Ridgeland Correctional Institution. In a separate part of his Complaint, Plaintiff alleges that he filed a grievance concerning his claims in September (no year is given, although Plaintiff indicates it was while he was still at KCI),[4] but that he never received a response. See generally, Verified Complaint.

The Defendants filed a motion for summary judgment on June 10, 2013, arguing that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. The Defendants had the burden of showing that Plaintiff failed to exhaust his administrative remedies; see Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; and in a Report and Recommendation entered August 12, 2013, the undersigned concluded that, while the Defendants satisfied their burden of showing that Plaintiff failed to exhaust his administrative remedies with respect to any grievance he filed in January 2013, neither Plaintiff nor the Defendants had addressed the subject matter of Plaintiff's purported grievance filing of September 2012 (referenced by Plaintiff in Section II of his Complaint, and to which Plaintiff states he "never got response"), and that as no further information had been provided as to the subject matter of that grievance, its status, or indeed whether any such grievance was ever even filed, the Defendants had not met their burden of showing that Plaintiff failed to exhaust his administrative remedies and were therefore not entitled to summary judgment on the

---

[4] An exhibit provided by the Plaintiff as an attachment to his response to an earlier motion for summary judgment (attorney letter dated February 1, 2012) seems to indicate that, if Plaintiff filed a grievance in "September" while at KCI, it would have been September 2012. See letter of John O'Leary dated February 1, 2012 (Court Docket No. 19-1, p. 10).

3



ground of failure to exhaust at that time. See Report and Recommendation (Court Docket No. 23). That Report and Recommendation was adopted by Order of the Court on December 3, 2013. See Court Docket No. 34.

As attachments to their current motion for summary judgment, and in support of dismissal of Plaintiff's case, the Defendants have submitted an affidavit from Ann Hallman, who attests that she is employed by the SCDC as the Inmate Grievance Administrator, and that in this capacity she has reviewed the Inmate Grievance Applications of the Plaintiff. Hallman attests that the SCDC Offender Management System indicates that Plaintiff filed eight (8) Inmate Grievances in 2012, none of which raised an issue about Plaintiff being in danger due to a transfer to the Perry Correctional Institution. Hallman further attests that there are no records in the SCDC Management System indicating that Plaintiff ever filed a grievance in September 2012 for any issue. Plaintiff did, however, file a grievance on January 9, 2013 (Grievance No. PCI-0080-13), that was returned to him, as it dealt with multiple issues and only one issue may be raised in a single grievance. Hallman attests that Plaintiff then filed two (2) additional grievances prior to March 23, 2013 (Plaintiff's Complaint is dated March 17, 2013, and was filed March 26, 2013); specifically, on January 9, 2013 (Grievance No. PCI-0070-13) and on March 11, 2013 (Grievance No. PCI-0888-13). Hallman has attached to her affidavit copies of computer printouts relating to these grievance filings. See generally, Hallman Affidavit, with attached Exhibits.

As attachments to his filing of April 16, 2014, Plaintiff has attached copies of two Requests to Staff Member forms, one from October 2013 and one from February 2014. In the Request to Staff Member form dated October 2013, Plaintiff says he filed an emergency grievance "last Sept.", but that he had never received a response, and that he had also filed a grievance on



January 9, 2013, and "what's the holdup". This document has a disposition indicating that Plaintiff's January 2013 grievance was unprocessed with instructions to refile, but that Plaintiff had failed to refile this grievance, while Plaintiff's grievance from "KCI" would be processed at KCI, and then forwarded to his current institution. The Request to Staff Member form from February 2014 is again discussing the January 2013 grievance. See Plaintiff's Exhibits (attached to filing of April 16, 2014).

As attachments to his response filed April 18, 2014, Plaintiff has submitted copies of several Requests to Staff Member forms from January and February 2014. In these forms, Plaintiff asked about his grievance filed in January 2013 (No. 0080-13), as well as another grievance (PCI-1027-13) which was apparently filed after Plaintiff filed this lawsuit. See Plaintiff's Exhibits (attached to filing of April 18, 2014).

As attachments to his letter filed June 25, 2014, Plaintiff has submitted copies of a Step 1 grievance he filed in August 2013 (PCI-11882-13)(presumed - number partially illegible). It is unclear what relation this grievance has to the claims asserted in this lawsuit. Plaintiff has also submitted a copy of the Step 1 Grievance (PCI-665-14) from June of 2014, and a computer printout referencing a grievance filed January 9, 2013, which relates to Grievance No. PCI-0080-13. This is apparently a copy of the exhibit attached to Hallman's affidavit, and Plaintiff has handwritten on this document a complaint that it is not a "verified document". See Plaintiff's Exhibits (attached to filing of June 25, 2014).

Finally, as attachments to this "Supplement" filed July 7, 2014, Plaintiff has submitted a copy of the John O'Leary letter previously referenced. See Note 4, supra. Plaintiff has also attached a copy of an SCDC form entitled "Evaluation of Protective Concerns" dated January 2012, indicating that Plaintiff had requested placement in the SMU due to protective concerns. See



Plaintiff's Exhibits (attached to Plaintiff's "Supplement" filed July 7, 2014).

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exist. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

As with their previous motion for summary judgment, Defendants continue to argue that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. See 42 U.S.C. § 1997e(a) ["[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."]. While Defendants are correct that, before Plaintiff may proceed with his claim in this Court, he must first have exhausted the SCDC's administrative remedies, it is the Defendants (as has



previously been noted) who have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson, 407 F.3d at 683 [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; see also Jones v. Bock, 127 S.Ct. 910 (2007).

To meet this burden, the Defendants have submitted the sworn affidavit from Ann Hallman, Grievance Administrator for the SCDC, who has set forth Plaintiff's grievance history during the applicable time period, specifically noting that Plaintiff did not file any grievance in September 2012 while he was at KCI, either concerning the matters at issue in this lawsuit or with respect to any other issue. Further, Hallman has attached to her affidavit the record of Plaintiff's grievance filings, including his filings from 2012, none of which deal with the claim Plaintiff is asserting in this lawsuit. See Hallman Affidavit, with attached Exhibits. Plaintiff has provided no evidence whatsoever to contradict Defendants' evidence, or to show that he exhausted his administrative remedies with respect to this claim prior to filing this lawsuit.

As attachments to his responses in opposition to Defendants' motion, Plaintiff has submitted numerous Request to Staff Member forms from 2013 and 2014 (all dated *after* Plaintiff filed this lawsuit), none of which provide any evidence that Plaintiff filed a grievance in September 2012 concerning the claim at issue in this lawsuit. Plaintiff has also provided copies of *other* grievances he has filed; however, all of these grievances were filed *after* Plaintiff filed this lawsuit. Therefore, even if any of these grievances deal with the claim at issue, they do not provide a basis for allowing Plaintiff to proceed with this lawsuit. See Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]. Further, in many of these documents, as well as in the responses Plaintiff has filed to the Defendants'



summary judgment motion, he continues to talk about his January 2013 grievance. The undersigned has previously found, and Court has previously ordered, that to the extent Plaintiff's January 2013 grievance addressed the claims at issue, Plaintiff failed to exhaust his administrative remedies with respect to that grievance prior to filing this lawsuit. See Court Docket Nos. 23, 34. Therefore, Plaintiff's January 2013 grievance does not provide a basis for continuing with this action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)[Prisoner may not file a lawsuit before exhausting his administrative remedies].

Finally, while Plaintiff does continue to argue in a general and conclusory fashion that he submitted an "emergency grievance" in September 2012, he has presented no evidence to show that he ever filed any such grievance. Plaintiff cannot simply, in response to probative evidence that no record exists of him ever having submitted a grievance concerning the issue raised in this lawsuit, submit an affidavit saying "yes I did", and expect to survive summary judgment, because if that is all it took to defeat evidence of a failure to exhaust, then this defense could never be successfully asserted by a Defendant. Cf. Malik v. Sligh, No. 11-1064, 2012 WL 3834850, at * 4 (D.S.C. Sept. 4, 2012) [Finding that Plaintiff's self-serving contention, in response to evidence to the contrary, that he did submit a grievance was "simply not enough to create a genuine dispute as to any material fact"]; see also Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000)[Holding that a self-serving affidavit was insufficient to survive summary judgment]; King v. Flinn & Dreffein Eng'g Co., No. 09-410, 2012 WL 3133677, at * 10 (W.D.Va. July 30, 2012)[Finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving testimony"], citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Therefore, the Defendants are entitled to summary judgment in this case. Cf. Poe v.



Bryant, No. 12-3142, 2013 WL 6158023, at * 2 (D.S.C. Nov. 21, 2013)[Holding that defendants satisfied their burden of showing a failure to exhaust administrative remedies with exhibits detailing the grievance process and showing that Plaintiff failed to exhaust this remedy, and that Plaintiff's contradictory statements in response, including that the Defendant would not provide him a grievance, were not sufficient to avoid summary judgment in light of the contrary evidence]; see also Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Spruill v Gillis, 372 F.3d 218, 227-232 (3d Cir. 2004) [Discussing necessity of pursuing all administrative remedies to the end]; Malik, 2012 WL 3834850, at * 4 ["A court may not consider, and must dismiss, unexhausted claims"].

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

July 21, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District C777yy7yourt Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

