IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| RICKEY DEAN TATE a/k/a Ricky Dean Tate, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 9:13-cv-00810-TLW ) |
| WARDEN LARRY CARTLEDGE; and DIRECTOR ROBERT WARD, | ) ) ) |
| Defendants. | ) ) ) |

# ORDER

Plaintiff Rickey Dean Tate, proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. (Doc. #1). Defendants filed a motion for summary judgment on April 7, 2014, asserting that the Court should dismiss this case because Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Doc. #52). Plaintiff filed a timely response to the motion on April 16, 2014 (Doc. #58), a second response on April 18, 2014 (Doc. #59), and a supplemental response on July 7, 2014 (Doc. #65).

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Defendants' motion for summary judgment and dismiss this case without prejudice based on Plaintiff's failure to exhaust his administrative remedies prior to filing the lawsuit. (Doc. #66).

Plaintiff's objections to the Report were due by August 7, 2014. On August 14, 2014, Plaintiff filed an untimely "Response to Defendants' Motion for Summary Judgment / Report and Recommendation." (Doc. #68). In his Response, Plaintiff states that he "does not wish to file a objections [sic] to defendants' motion for summary judgment." Id. Plaintiff asks only that the Court look at two attached grievances that have been sent back to him unprocessed and advise him on how to proceed. Id. Based on the content of this filing, the Court concludes that Plaintiff has not filed objections to the Report. However, to the extent this filing can be construed as an objection to the Report, the Court will do so.

Plaintiff does state that he is being "denied the chance to refile a new grievance . . . . [His] grievance has been sent back unprocessed 2 different times." Id. As noted, Plaintiff states in his Response that he "does not wish to file . . . objections to defendants' motion for summary judgment." He does not object to the Report in his Response or in any other document. In light of Plaintiff's failure to file objections to the Report, and his failure to object to the motion for summary judgment, the Court finds the analysis by the Magistrate Judge should be accepted. In summary, Plaintiff does not provide any objection to the facts as set forth in the Report by the Magistrate Judge. Plaintiff does not assert that he filed a grievance in contradiction to the Report. The Court will not find a factual dispute when none is asserted by the Plaintiff.

The Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained therein. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  The Court has considered the Report in light of Plaintiff's filings and finds no basis to reject the analysis and recommendation set forth in the Report.

The Court has carefully reviewed the Report in accordance with the standard announced in <u>Diamond</u>, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law.  It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED**.  (Doc. #66).  For the reasons articulated by the Magistrate Judge, Defendants' motion for summary judgment is **GRANTED** (Doc. #52), and this case is **DISMISSED** without prejudice based on Plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit.

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Chief United States District Judge

November 3, 2014
Columbia, South Carolina